### BUTTERFIELD *v.* TOWN OF ONTARIO.

(*Circuit Court, N. D. New York.* November 16, 1887.)

NEGOTIABLE INSTRUMENTS—PURCHASE FROM BONA FIDE HOLDER—KNOWLEDGE OF EQUITIES.

The purchaser of negotiable paper with knowledge of the equities existing against it, can recover the full amount of the face value thereof, and is not limited to a recovery of the amount paid or advanced by him for the paper, when he purchases of one who acquired it before maturity, for value, and without notice of any infirmity or defense.[1]

---

[1] The purchaser of a negotiable instrument from a bona fide holder for value, acquires as good a title as the innocent holder had, and may recover thereon, although he may have had notice of infirmities in the note when he took it. Bodley v. Bank, (Kan.) 16 Pac. Rep. ——.

*Rhodes, Coon & Higgins*, for plaintiff.
*S. D. Bentley*, for defendant.

WALLACE, J. The defendant insists that, because, when the plaintiff bought the negotiable paper in suit, he was aware that the defendant claimed that it had been made and put into circulation without authority, by persons who assumed to be its agent, the plaintiff can only recover what he paid for the paper, although he purchased it from a holder who acquired it before maturity, for value, without notice of any infirmity, or ground of defense, and under circumstances that estopped the defendant from asserting that there was any defense. The law of commercial paper does not recognize any principle upon which this contention can be maintained. The rule is familiar and elementary, that a purchaser of such paper acquires the title of his vendor, and all the right of his vendor, to enforce it for the full amount of the promise, against the maker; and although the purchaser has knowledge of equities existing between the original parties to the paper, which his vendor did not have when he became the owner, the purchaser is not affected by such equities, but stands upon the title of the prior owner, and his title is intact. It is entirely clear that if any previous owner of the bonds and coupons in suit was a *bona fide* holder for value, the plaintiff, upon showing that he himself paid value, can avail himself of the position of such previous holder.

There is a class of cases in which a purchaser of negotiable paper before maturity, who acquires knowledge that his vendor was not a *bona fide* holder of the paper, and that the paper was subject to a defense in his hands, is permitted to recover only what he has advanced upon purchasing the paper, before he acquired such knowledge. These are cases in which there was no *bona fide* holder previous to the plaintiff. The principle is that the plaintiff was only a *bona fide* purchaser *pro tanto*, and, therefore, entitled to recover to that extent only. *Dresser* v. *Construction Co.*, 93 U. S. 92; *Harger* v. *Wilson*, 63 Barb. 237; *Holcomb* v. *Wyckoff*, 35 N. J. Law, 38; *Allaire* v. *Hartshorn*, 21 N. J. Law, 665; *Campbell* v. *Nichols*, 33 N. J. Law, 88. These cases have no application to the present case.

The motion for a new trial is denied.