NATIONAL CASH REGISTER CO. v. HANS PAULSON.

(Filed September 7, 1905.)

CONDITIONAL SALE—Foreign Contracts—Registration of Title—Conflict of Laws. Where property in the hands of a vendee, the title to which is in a vendor by reason of a conditional sale in the state of Arkansas, is removed to the Territory of Oklahoma, the vendee consenting to the retention in Oklahoma by the vendor of such property, and the conditional sale notes are so changed as to make them Oklahoma obligations, payable in Oklahoma, such transaction brings the property and rights of the parties within and under the jurisdiction of the laws of Oklahoma. and failure on the part of the vendee to record his reservation of title in Oklahoma, as required by its laws, bars him from recovery thereof in the hands of an innocent purchaser for value.

(Syllabus by the Court.)

*Error from the District Court of Canadian County; before C. F. Irwin, Trial Judge.*

*C. O. Blake* and *E. E. Blake*, for plaintiff in error.

*R. B. Forrest*, for defendant in error.

STATEMENT OF FACTS.

This is an action of replevin commenced in the probate court of Canadian county to recover a cash register valued at one hundred and fifty dollars, the petition therein reading as follows:

"Plaintiff alleges that at all times hereinafter mentioned it was a corporation duly organized and existing under the laws of the state of Ohio. That it has a special ownership

in and is entitled to the immediate possession of the following described personal property, to wit:

"One No. 47 total adding National Cash Register (239791) name place 'Thomas Sanders' of the value of one hundred fifty ($150.00) dollars; that plaintiff's special ownership consists in that on the first day of July, 1901, in Little Rock Arkansas, plaintiff sold and delivered to the said Thomas Sanders at his special instance and request the above named and described cash register for the sum of one hundred seventy five ($175.00) dollars under a conditional sale whereby the plaintiff retained the title until the purchase price should be paid in full.

"That thereafter and before said purchase price was paid, the said Thomas Sanders, without the knowledge or consent of plaintiff, wrongfully took the said cash register out of the state of Arkansas, and brought the same to El Reno in Canadian county, Oklahoma, and before plaintiff knew the same had been removed from the state of Arkansas wrongfully disposed of the same. That under the laws of the state of Arkansas a conditional sale of personal property wherein title is retained by the seller, is valid not only between the parties thereto, but as to innocent purchasers as well; and the laws of the state of Arkansas at the time this contract was made did not require that the contract itself, or a copy thereof should be recorded in any of the public offices thereof, and such continued to be the law to the time of the bringing of this action. That there is due plaintiff on said register the sum of eighty five ($85.00) dollars.

"That defendant herein has purchased the same from Thomas Sanders, or his vendees, and that though demanded has refused and still refuses to surrender the said cash register, and unlawfully detains the same from plaintiff, from the 15th day of Sep. 1902, to his damage $25.00.

"Wherefore plaintiff prays judgment against the defendant that the defendant do return to plaintiff the said cash

register so unlawfully detained and for the sum of $25.00 his damages as aforesaid and costs of the action."

The writ was issued as prayed for, and upon service of the same defendant gave a redelivery bond and retained possession of the property, and thereafter in due time filed his answer in said cause, which, omitting caption, is as follows:

"Comes now the defendant in the above entitled cause and answering plaintiff's petition on file herein says:

"Defendant admits the corporate existence of plaintiff as alleged:

"Defendant further admits the execution and delivery of the contract and notes referred to in said petition;

"Defendant denies each and every allegation of plaintiff's said petition not hereinbefore specifically admitted."

The cause was tried to the court without a jury, and the court rendered and entered judgment therein in favor of the defendant and against the plaintiff, for the costs therein. Thereupon the plaintiff in due time appealed said cause to the district court of said county, where, at the February, 1904, term of said court the cause again came regularly on for trial. A jury was waived and the cause was presented to the court below upon the following stipulated facts:

"It is hereby stipulated and agreed by and between Blake and Blake, attorneys for plaintiff herein, and Forrest and Smith, attorneys for defendant herein, that the above numbered and entitled cause be submitted for the consideration and, judgment of the court upon the following agreed statement of facts:

"That the cash register in question No. 239791, was purchased from plaintiff herein by Thomas Sanders at Little

Rock, Arkansas, on July 1, 1901, for the agreed price of one hundred and seventy five dollars ($175.00) That Sanders paid thirty dollars ($30.00) cash and executed notes payable every thirty days for twenty dollars ($20.00) each, for the balance of said purchase price, and signed a conditional sale contract whereby the title to said cash register was reserved in the vendor until the purchase price was paid in full. That it was contracted and agreed in writing by and between plaintiff herein and Thomas Sanders that said register was to be placed and used on the front counter of Sander's restaurant in the city of Little Rock, Arkansas. That a part of said price and notes were paid to plaintiff while Thomas Sanders remained in Little Rock, Arkansas.

"That without the knowledge or consent of the plaintiff herein, Thomas Sanders removed the said cash register from Little Rock, Arkansas, to El Reno, Oklahoma. That after the removal of said cash register to El Reno, Oklahoma, plaintiff learned of its removal to El Reno, Oklahoma and consented that the same might be retained by Sanders and used in his place of business in El Reno, Oklahoma; and changed the place of making said notes from Little Rock to El Reno, O. T. and thereafter plaintiff collected from said Sanders one of the above mentioned notes for the purchase price of said register, at El Reno, O. T.

"That Frank Shull was employed by Thomas Sanders as bar tender in Sanders' saloon in El Reno, Oklahoma, and knew Sanders paid twenty dollars ($20.00) to the agent of plaintiff for said cash register. That said Frank Shull did not know that there was an unpaid balance due on said purchase price, but believed the representations of Sanders that the National Cash Register Company had been paid in full and that his title to said register was clear. That Shull before purchasing said register from Sanders, examined the records in the office of the register of deeds of Canadian county, Oklahoma, for the purpose of ascertaining if any conditional sale contract or other evidence of title or equities or

incumbrances were recorded against said cash register, and found nothing against said register on the records of Canadian county. That said Frank Shull thereafter purchased said cash register from said Thomas Sanders for a valuable consideration and without any knowledge of plaintiff's interest therein. That no further payments were ever made to the plaintiff herein by Thomas Sanders or his vendee. That shortly afterward said Frank Shull sold said cash register to the defendant herein for a valuable consideration, and this defendant had no knowledge whatever of the claim or demand of the plaintiff in said register.

"That said conditional sale contract between plaintiff and Sanders was never recorded in Canadian county, Oklahoma Territory, by plaintiff after learning of the removal of said cash register from Little Rock, Ark. to El Reno, or at any time whatsoever. That there is a balance due this plaintiff on the purchase price of said cash register of eighty-five dollars ($85.00), and was at the date of the sale by Sanders to Shull, evidenced by four promissory notes signed by Thomas Sanders and dated, Little Rock, Ark., July 1, 1901. That prior to the commencement of this action, the said four notes and conditional sale contract were duly presented to Frank Shull, the vendee of Thomas Sanders, and payment demanded or the return of the cash register. That payment of the same or the return of cash register were refused by said Frank Shull. That after the sale of said cash register to Hans Paulson the defendant by Frank Shull, the duly authorized agent of plaintiff presented said notes and conditional sale contract to Hans Paulson and demanded payment of the notes or the return of the cash register which payment and demand for the cash register were by Paulson refused. That the value of said cash register at the commencement of this action was one hundred and fifty dollars ·($150).

"That after demand and refusal this plaintiff replevied said National Cash Register from the defendant by virtue of title reserved in said conditional contract. That when

defendant was served with writ of replevin in said action, he gave a redelivery bond to the sheriff of this county and retained possession of said cash register. That the trial was had in said action of replevin in probate court of Canadian county, Oklahoma. Evidence was submitted by both parties and the judgment of the court was "That the defendant have judgment adjudging him to have title to the cash register sought to be recovered by the plaintiff in this action and for costs herein taxed at $13.40." That thereafter said action was brought to the district court on appeal by plaintiff from the judgment of said probate court."

Thereafter the court rendered and entered judgment therein as follows, to wit:

"Now on this 11th day of April, 1904, the same being one of the regular judicial days of the February adjourned term 1904, the above entitled cause came on for trial, the court having taken the same under advisement on the agreed statement of facts and briefs of counsel, the court having fully considered the same finds for the defendant, that he was entitled to the possession of the said cash register at the time of the institution of this action, October 17, 1902, and that the plaintiff pay the costs of this action taxed at .......... dollars."

From the foregoing judgment of the district court the case comes to this court upon error.

Opinion of the court by

GILLETTE, J.:  It is manifest from the foregoing record that but a single question is presented to this court for determination, viz:  Are the rights of the parties to this controversy to be governed and determined by the law of the Territory of Oklahoma or by that of the state of Arkansas?

Under the statement of facts above set out there can be no question but that this was originally an Arkansas contract, made and to be performed in the state of Arkansas.

In Clark on Contracts, page 610 *et seq.* it is said:

"A contract may be discharged by the substitution of a new contract;" and this results "Where new terms are agreed upon, in which case a new contract results, consisting of the new terms and of the terms of the old contract which are consistent with them."

Upon the removal of the property in question to El Reno O. T., a new arrangement was entered into between the parties which is evidenced in the statement of facts in the following words:

"That after removal of said cash register from Little Rock, Arkansas, to El Reno, Oklahoma, plaintiff learned of its removal to El Reno, and consented that the same might be retained by Sanders and used in his place of business in El-Reno, Oklahoma, and *changed the place of making said notes from Little Rock, to El Reno, O. T.,* and thereafter plaintiff collected from said Sanders one of the above mentioned notes for the purchase price of said register, at El Reno, O. T.

If this language means anything it means that the notes then remaining unpaid, were made at El Reno to be paid at El Reno, O. T.

Plaintiff in error admits this in his brief, but urges that there was a contract left back at Little Rock, Arkansas, which was not affected by this change in the place of making the notes. If this contention be conceded, we do not perceive how the situation is altered or the plaintiff benefited thereby. At the utmost this would only show a contract made in Arkansas to be performed in Oklahoma, which under our own statute would be an Oklahoma contract. Wil. Ann. Stat. vol. 1, page 315, sec. 797. But we are not inclined to consider that there was any contract left in Arkansas not affected by the new agreement in reference to the notes. There was

but one contract, and the terms of that were printed upon and made a part of the notes which were made at El Reno to be paid at El Reno. Clearly so far as the notes were concerned or any contract connected with them at the time of bringing this action, it was an Oklahoma transaction and governed by the provisions of our statute, viz:

"That any and all instruments in writing, or promissory notes now in existence or hereafter executed, evidencing the conditional sale of personal property, and that retains the title to the same in the vendor until the purchase price is paid in full, shall be void as against innocent purchasers, or the creditors of the vendee, unless the original instrument, or a true copy thereof, shall have been deposited in the office of the register of deeds in and for the county wherein the property shall be kept, and when so deposited, shall be subject to the law applicable to the filing of chattel mortgages; and any conditional verbal sale of personal property, reserving to the vendor any title in the property sold, shall be void as to creditors and innocent purchasers, for value." Wil. Ann. Stat. 4179.

Had this statute been heeded, this action would never have arisen.

The case of the *Greenville National Bank v. Evans-Snyder Buel Co.*, is not applicable to the facts in this case, nor are the views herein expressed in conflict with that case.

The note was then an Arkansas contract pure and simple and under the comity of states would have been enforced in this Territory. But when it entered into the new arrangement at El Reno, O. T. and changed the place of making and place of payment of the notes, it thereby substituted the new contract in place of the old one, and thereafter the trans-

action was purely an Oklahoma contract, as if there had never been any other.

For the same reason, the case of *Burnett Bros. v. Tamm.* 62 Pac. 708, a Montana case cited by plaintiff is not applicable to the facts as stipulated in this case.

We find no error in the record, and the judgment of the court below will be affirmed.

Irwin, J., who presided in the court below not sitting; all the other Justices concurring.