[No. 11024. Department One. April 5, 1913.]

CASEY-HEDGES COMPANY, *Appellant,* v. T. F. WILCOX, `Receiver etc., Respondent.`[1]

CORPORATIONS—RESIDENCE—CONDITIONAL SALES BY CORPORATION— FILING—COUNTY OF RESIDENCE. The principal place of business of a corporation designated as required by law in its articles of incorporation must be held to be its "residence," within Rem. & Bal. Code, § 3670, requiring conditional sales contracts to be filed with the auditor of the county wherein the vendee resides.

Appeal from a judgment of the superior court for Chehalis county, Irwin, J., entered August 6, 1912, dismissing an action of replevin, after a trial upon stipulated facts before the court without a jury. Affirmed.

*O. M. Nelson,* for appellant.

*B. G. Cheney* and *Hayden & Langhorne,* for respondent.

PER CURIAM.—This is an action to recover the possession of certain personal property which it is asserted the plaintiff sold to the Syverson Lumber & Shingle Company, a corporation, on a conditional sale contract, which was filed in the office of the county auditor of Chehalis county within the time provided by statute, Rem. & Bal. Code, § 3670. In its articles of incorporation, the Syverson Lumber & Shingle Company designated the city of Tacoma, in Pierce

[1]Reported in 131 Pac. 205.

county, as its principal place of business. "The principal place of business must be held to be the residence of the corporation." *First Nat. Bank v. Wilcox, ante* p. 473, 130 Pac. 756, 131 Pac. 203. The contract was not filed in the county wherein "at the date of the vendee's taking possession of the property the vendee resides." Upon the authority of the case cited, the court correctly held that the plaintiff had no cause of action.

The judgment is affirmed.