## WEBER SHOWCASE & FIXTURE CO., Inc., v. WAUGH.

### No. 6817.

District Court, W. D. Washington, S. D.

June 16, 1930

---

[1] Commissioner's decision.

Plaintiff seeks to recover the value of store fixtures alleged to be wrongfully converted by the defendant. A trial by jury was waived.

The plaintiff sold to R. A. Pilcher Company, Inc., owner and operator of stores in Everett, Tacoma, Aberdeen, Monroe, and elsewhere in the state of Washington, and

also various places in Oregon and California, for the Tacoma store August 28, 1925, and for Aberdeen, Everett, and Monroe stores, December 23 of the same year, all of the fixtures in issue. The Tacoma fixtures were all paid for, excepting $1,068.25. The fixtures were shipped by the plaintiff to R. A. Pilcher Company, Inc., at the various cities named in Washington, and installed under plaintiff's supervision. The fixtures were sold under conditional sales contracts, title to remain in the seller until paid for, with the provision that, on default, the vendor may declare all amounts unpaid due, without notice retake possession of the property, sell the same at public or private sale, and, after deducting all expenses of every kind and character, including attorney's fees, credit the net proceeds thereof to the balance unpaid, and the vendee agrees to pay any deficiency remaining after such sale is completed.

The contracts, executed December 23, were signed at Multnomah Hotel, Portland, Or. A stipulation in each contract says: "Accepted by the plaintiff at its place of business in Los Angeles, California." The conditional sales contracts in issue were not filed for record in the county auditor's office of the county to which the fixtures were shipped, or at all.

On the 3d day of June, 1926, on petition of creditors, a receiver was appointed for R. A. Pilcher Company, Inc., by the United States District Court for the Southern district of New York, and like proceedings were had in the Northern district of California; and, on June 15, 1926, in the Western district of Washington. The receiver operated the stores for a short time and, in the course of administration, on petition of the receiver, an order of sale was entered on July 27, 1926, directing the receiver to sell at private sale, subject to the confirmation of the court, all of the right, title, and interest of R. A. Pilcher Company, Inc., and the receiver in and to all the merchandise and fixtures, etc., in the stores at the places named. A notice was given that bids would be received and sale made at a time stated, and in due course, pursuant to the rules of court and the law, the defendant tendered a bid in the sum of $81,000, which was the highest and best bid; other bids were also tendered. And on the 3d day of November, 1926, application was made to the court for confirmation. The court, at the suggestion of appearing creditors and interested parties, directed that further consideration be given to the bids and an increased bid, or new bids, invited, if advisable; and the matter was continued for conference and consideration between creditors and receiver from the morning session until 2 o'clock of the same day, at which time the defendant increased his bid to $90,000, which was accepted; and, upon application of the receiver, no objection being made, the sale was approved, and the receiver directed to execute proper transfer of title upon payment of the money. Thereupon, and before confirmation, the defendant paid to the receiver the full sum of $90,000, and obtained receipt therefor. Later, after adjournment of court, at 8 o'clock p. m., the receiver tendered a bill of sale to the defendant containing this provision: "It being the understanding and agreement that the fixtures and equipment in the stores situated in Aberdeen, Everett, Monroe, Bremerton, and Tacoma, Washington, are subject to any and all existing rights of the Weber Showcase & Fixture Company of Los Angeles, California." The attorney for the defendant declined to accept it, for the reason that the defendant did not know of any existing liens and did not buy it subject to any claims or liens, and further stated that an examination of the records in the auditor's office in the several counties into which the fixtures had been shipped and in which the stores were conducted disclosed no record of lien or claim. After some discussion between the attorney for the defendant and the defendant and the receiver, the attorney for the defendant stated that by the insertion of the words, "if any," after the word, "rights," in view of the fact that it was after court hours, it would be accepted, since there was no record of any liens, and the provision in the bill of sale then read: "It being the understanding and agreement that the fixtures and equipment in the stores situated in Aberdeen, Everett, Monroe, Bremerton, and Tacoma, Washington, are subject to any and all existing rights, if any, of the Weber Showcase & Fixture Company of Los Angeles, California."

On December 16 following, the plaintiff, through its secretary, filed a claim with the receiver in the Northern district of California for the amount due on all the sales contracts in California, Oregon, and Washington, as follows: "I am attaching hereto Proof of Debt in the Pilcher matter, together with our statement regarding the conditions surrounding our account, a statement showing the balance due on this account, and copies of our conditional sales contracts."

The claim:

"* * * J. R. Deering, being duly sworn, doth depose and say, that he is the Secretary of the Weber Showcase & Fixture Company, that the annexed statement of account of R. A. Pilcher Company, Inc., lately doing business at many cities in the states of California, Oregon, and Washington, is just, true and correct, and that there is now due the sum of $32,764.21 and interest, that no part thereof has been paid or satisfied, and that there are no set-offs or counterclaims thereto to the knowledge or belief of deponent. There is attached hereto and made a part hereof a further statement concerning the claim of the Weber Showcase & Fixture Company.

"Sworn to before me this 15th day of December, 1926, (signed) J. P. Hoffman, Notary Public. * * *

"[Signed] J. R. Deering."

Attached is a further statement:

"That the said Weber Showcase & Fixture Company do not in any way by the filing of this claim release or intend to release or waive any of their rights or title rights given to them by reason of their conditional sales contracts attached hereto and made a part hereof. That your affiant is informed and believes that some of the stores in which the fixtures are located that are covered by these conditional sales contracts have been sold by the receiver, such sales being subject to the rights of the Weber Showcase & Fixture Company in and to such fixtures. Your affiant further deposes and says that under the terms of said contracts and agreements, the said Weber Showcase & Fixture Company are entitled to certain rights and options upon default of the purchaser under said agreement. That all contracts are in default.

"That said R. A. Pilcher Company, through the receiver and by such sales have abandoned said fixtures and have notified the said Weber Showcase & Fixture Company that they can make whatever arrangements they desire with the purchasers of the stores. That under the terms of the agreements, said Weber Showcase and Fixture Company has the right to resell said fixtures and to hold the said R. A. Pilcher Company for all deficiencies. That the amount of such deficiencies has not yet been determined because said fixtures have not yet been resold. The said A. F. Lieurence, the joint receiver, through his attorneys has stated that in his opinion the said Weber Showcase and Fix-

ture Company will not receive over fifty cents on the dollar for said fixtures, which would leave a deficiency of 50% plus interest as provided for in said conditional sales agreement.

"Demand is hereby made that all rights of the said Weber Showcase and Fixture Company be observed and that all such deficiencies be paid.

"[Signed] J. R. Deering."

—To which is attached invoice on open account of all fixtures sold in California, Oregon, and Washington.

The matter was referred by the United States District Court of California to a special master, before whom it came on regularly for hearing March 29, 1927, the plaintiff appearing by its attorneys and the receiver by his attorney, and, among other things, the special master finds, upon stipulation made and entered between the respective parties:

"'That the claim of the Weber Showcase & Fixture Company be fixed and determined at this time as a general claim to the amount of one-half of the total claim which is filed, said one-half being $16,871.61. That the balance of the claim be canceled upon the agreement and order. That any rights remaining in the R. A. Pilcher Company, Inc., to the fixtures covered by these contracts, belong to the Weber Showcase & Fixture Company, it being the understanding that the only sales that have been made by the receivers for the R. A. Pilcher Company, Inc., they waive all their right, title and interest in and to these fixtures.'

"Upon the oral and documentary evidence as introduced in behalf of the claimant, and in further view of the stipulation made and agreed by and between the said parties, I would recommend the claim of the Weber Showcase & Fixture Company be approved as a general claim in the sum of $16,871.61."

This report was affirmed by the court December 21, 1927. Thereafter the plaintiff repossessed itself of all fixtures sold in California and in Oregon.

The defendant did not have actual notice of the conditional sales contracts, and the evidence does not preponderate in favor of any notice of the conditional sales contracts to the defendant, the purchaser, or his attorney. There is no evidence that there were prior creditors to or that any creditors knew of the conditional sales contracts. Some six or eight creditors testified that they had claims against R. A. Pilcher Company, Inc.,

ranging from $500 to $2,000. Credit was extended after installation of the fixtures in the several stores upon the faith and credit of the ownership thereof in the R. A. Pilcher Company, Inc., and they had no notice of any conditional sales contracts outstanding.

The conclusion must follow that the United States District Court for the Northern District of California could not adjudicate any right or claim with relation to the fixtures in issue, and that the receiver or his attorney had no power to stipulate or waive any right or claim of defendant with relation to any interest, title, or claim to the said fixtures; and the failure of the vendor to file for record in the auditor's office in the county in which the fixtures were placed, within ten days after the installation thereof by the plaintiff, the sale by the receiver, carried the title free of any conditional sales contract to the defendant, who was a bona fide purchaser for value; and the filing of the claim with the receiver was an election of remedies.

Jones & Hughes, of Seattle, Wash., for plaintiff.

John C. Hogan, of Aberdeen, Wash., Roberts, Skeel & Holman, of Seattle, Wash., and Elwood Hutcheson, of Yakima, Wash., for defendant.

NETERER, District Judge (after stating the facts as above).

The plaintiff claims:

A. That the order of the District Court for the Northern District of California adjudging that the plaintiff retain title to the fixtures and have the right of possession, and defendant having refused to comply with the order of the court, the terms of the conditional sales contract are enforceable, such order not being reversed or annulled, is binding on the defendant (34 C. J. 511), and which he may not collaterally attack (34 C. J. 514). The court had neither jurisdiction of the parties in interest or the subject-matter, the fixtures in Washington. Its jurisdiction is limited and is co-extensive with the boundaries of the respective districts. No extraterritorial jurisdiction exists and cannot affect title to property in other jurisdictions. Booth v. Clark, 17 How. 322–328, 15 L. Ed. 164; Great Western v. Harris, 198 U. S. 561, 25 S. Ct. 770, 49 L. Ed. 1163; Sterrett v. Second Nat. Bank, 248 U. S. 73, 39 S. Ct. 27, 63 L. Ed. 135; Standard Bonded Warehouse Co. v. Cooper & Griffin (D. C.) 30 F.(2d) 842. Such act may operate only in personam to parties related to the court in the proceeding as parties. It is brutum fulmen. The California court had no jurisdiction over, or its receiver any interest in or title to, or possession of the Washington fixtures, and could not by stipulation bind the defendant or the fixtures before the special master or the court. The receiver in that proceeding could only represent the unsold California fixtures.

B. That the contract was executed in California and "must be construed according to the California law." It is fundamental that a contract is to be interpreted according to the lex loci contractus, but the status of the res is governed by the lex loci situs. If the lex loci situs requires a certain formality of acknowledgment and registry, the omission is not cured by attestation and registration of the lex loci contractus. Story on Conflict of Laws, § 262. See, also, Beggs v. Bartels, 73 Conn. 132, 26 A. 874, 84 Am. St. Rep. 152; National Cash Register Co. v. Paulson, 16 Okl. 204, 83 P. 793; Phœnix Packing Co. v. Humphrey-Ball Co., 58 Wash. 396, 108 P. 952.

Section 3790, Rem. Comp. Stat. Wash, provides that "all conditional sales of personal property * * * where the property is placed in the possession of the vendee, shall be absolute as to all bona fide purchasers * * * and subsequent creditors * * * unless within ten days after the taking of possession by the vendee, a memorandum of such sale * * * shall be filed in the auditor's office of the county, wherein, at the date of the vendee's taking possession of the property, the vendee resides."

In Chilberg v. Smith, 174 F. 805, 806, Judge Gilbert for the Court of Appeals, this circuit, said: "But the statute of Washington, in regard to the registration of conditional sales, declares the policy of the state in regard to agreements, whereby a vendee of personal property so sold is placed in the possession thereof with all the apparent indicia of ownership, and it clearly provides that, unless the instrument be recorded within 10 days from the delivery of the property to the vendee, the sale shall be absolute as to subsequent creditors in good faith."

The fixtures being shipped by the plaintiff to the Pilcher Company, vendee, at Aberdeen, Tacoma, Everett, and Monroe, and installed in the several stores of the vendee, under the plaintiff's supervision, the conditional sales contracts were void as to subsequent creditors of the vendee. First Nat. Bank v. Wilcox, 72 Wash. 473, 130 P. 756,

131 P. 203. See, also, Casey-Hedges Co. v. Wilcox, 72 Wash. 605, 131 P. 205; Burroughs Adding Machine Co. v. Wilcox, 72 Wash. 700, 131 P. 206; National Bread Wrapping Machine Co. v. Crowl, 137 Wash. 621, 243 P. 840.

The receiver, appointed at the suit of general creditors, succeeded to the rights of the subsequent creditors as well as the stockholders of the corporation, and free of unrecorded conditional sales contracts. Bayne et al. v. Brewer Pottery Co. et al. (C. C.) 90 F. 754. See, also, Corbett v. Riddle (C. C. A.) 209 F. 811; Cincinnati Equipment Co. v. Degnan (C. C. A.) 184 F. 834, certiorari denied, 220 U. S. 623, 31 S. Ct. 724, 55 L. Ed. 614.

The sale was concededly regular, and the title of the defendant, being deraigned through the receivership proceedings, is such as the receiver was competent to convey. North Coast Dry Kiln Co. v. Montecoma Investment Co., 82 Wash. 247, 144 P. 58. And the receiver had no right or power to waive any of the rights of the subsequent creditors (Keyes v. Sabin, 101 Wash. 618, 172 P. 835), and there is no evidence that any waiver was attempted by the receiver of this court, or any court, prior to sale of the property, November 3, 1926. See, also, Grunbaum Bros. Furniture Co. v. Humphrey Investment Co., 141 Wash. 329, 251 P. 567; Lundquist v. Olympia National Bank, 133 Wash. 600, 234 P. 453; Monotype Co. v. Guie, 134 Wash. 81, 234 P. 1046.

The fixtures came within the public policy of the state of Washington (Sound Industrial Loan Co. v. Allyn, 149 Wash. 123, 270 P. 295), and the public policy of the state of Washington may not be subordinated to the laws of California, under the established facts (Farley v. Fair, 144 Wash. 101, 256 P. 1031). See Barbour v. Campbell, 101 Kan. 616, 168 P. 879. See, also, Turnbull v. Cole, 70 Colo. 364, 201 P. 887, 25 A. L. R. 1149. The public policy declared by the state of Washington as to personal property cannot be rightfully separated from the title, except in the manner pointed out by the Washington statute. Hervey v. Rhode Island Locomotive Works, 93 U. S. 664, 672, 23 L. Ed. 1003. In that case the court said: "Accordingly, the actual owner of personal property creating an interest in another, to whom it is delivered, if desirous of preserving a lien on it, must comply with the provisions of the Chattel Mortgage Act. * * * " See, also, Du Pont de Nemours Powder Co. v. Jones Bros. (D. C.) 200 F. 638; Corbett v. Riddle (C. C. A.) 209 F. 811; Potter Mfg. Co. v. Arthur (C. C. A.) 220 F. 843; Cunningham v. Cureton, 96 Ga. 489, 23 S. E. 420.

The bills of sale being signed in Oregon and accepted in Los Angeles, Cal., and the fixtures shipped to Washington by the plaintiff and installed under its supervision, all that could be deduced from acceptance in California is that the purchaser would pay the freight to destination and assume damages to goods en route. Phœnix Packing Co. v. Humphrey-Ball Co., supra.

It may also be said that filing of the claim in the receivership and receiving dividends upon the proved claims, even though attempt was made not to waive the right to retake the property, is election of remedy. The Supreme Court of Washington in Kimble Motor Car Co. v. Androw, 125 Wash. 225, 215 P. 340, said: "The filing by a conditional sales vendor of a claim against the estate of the deceased vendee, whereby the claim is established and directed to be paid in the course of administration, constitutes an election to seek relief in court, and waives the right to reclaim the property, and it is immaterial that the claim expressly states that the right to retake the property is not waived."

The plaintiff selected its remedy, accepted the amount allowed on the claims, and received the dividends paid thereon, and repossessed itself of the fixtures in Oregon and California, presumably in the receiver's possession, and in which states there is no registry act as to such contracts. "To proceed by one remedy constitutes an election which is final and irrevocable," said the court in Eilers Music House v. Douglass, 98 Wash. 683, 156 P. 937, 938, L. R. A. 1916E, 613.

It can also be said that a conditional sales contract authorizing the seller to retake and sell the property on default and recover any deficiency, under the Washington policy, is, in fact, a chattel mortgage. Since inconsistent rights may not be reserved (West American Finance Co. v. Finstad, 146 Wash. 315, 262 P. 636), and, where doubt arises on the face of the instrument, courts usually treat it as a mortgage. Low v. Colby, 137 Wash. 476, 243 P. 18, 247 P. 475. "A mortgage of personal property is void as against all creditors * * * and against all subsequent purchasers * * * for value and in good faith, unless it is accompanied by the affidavit of the mortgagor that it is made in good faith, and without any design to hin-

der, delay, or defraud creditors, and unless it is acknowledged and filed within ten days from the time of the execution thereof in the office of the county auditor of the county in which the mortgaged property is situated." Section 3780, Rem. Comp. Stat. (Wash.). No affidavit is attached.

■ C. The plaintiff's contention that the receiver's title was limited to the Pilcher Company title, which passed to the defendant, subject to the conditional sales contract, and that the defendant is not a bona fide purchaser for value, is not well founded. The sales contracts are void as to subsequent creditors, and of no effect as to bona fide purchasers. "Bona fide," Bouvier says, means "honest," synonymous with "good faith." The Supreme Court in Hosmer v. Wallace, 97 U. S. 575, 24 L. Ed. 1130, held that "bona fide" is synonymous with "good faith"; and a like holding in Rutledge v. Murphy, 51 Cal. 388. The Supreme Court of Georgia, in Phillips v. Dobbins, 56 Ga. 617, says "bona fide" means "without actual notice." In United States v. Des Moines Nav. & R. Co., 142 U. S. 510, 12 S. Ct. 308, 35 L. Ed. 1099, the court says one is a bona fide purchaser who buys in good faith and pays value. There is multitude of authority holding that the term "bona fide purchaser" means a purchaser in good faith without notice and for a valuable consideration. Young v. Schofield, 132 Mo. 650, 34 S. W. 497; Pickett v. Barron, 29 Barb. (N. Y.) 507; Ten Eyck v. Witbeck, 135 N. Y. 40, 31 N. E. 994, 31 Am. St. Rep. 809; Bowman v. Griffith, 35 Neb. 361, 53 N. W. 140; Cloud v. Dupree, 28 Ga. 170. A bona fide purchaser may be said to be a purchaser without knowledge of impeaching facts which would invalidate title, or without notice or knowledge of any defect in the title. See Matthews v. Poythress, 4 Ga. 487; Lawrence v. Clark, 36 N. Y. 128; Central Bank, etc., v. Hammett, 50 N. Y. 158; Green v. Biddle, 21 U. S. (8 Wheat.) 1, 5 L. Ed. 547; Canal Bank v. Hudson, 111 U. S. 66, 4 S. Ct. 303, 28 L. Ed. 354. The essential elements to constitute a bona fide purchaser are absence of notice, and a valuable consideration. United States v. Winona & St. P. R. Co. (C. C. A.) 67 F. 948; Id., 165 U. S. 463, 17 S. Ct. 368, 41 L. Ed. 789; United States v. California & Overland Co., 148 U. S. 31, 13 S. Ct. 458, 37 L. Ed. 354. See, also, State v. Brummett, 98 Wash. 182, 167 P. 120; Allis-Chalmers Mfg.

Co. v. Ellensburg, 108 Wash. 533, 185 P. 811; Malmo v. Washington Rendering, etc., Co., 79 Wash. 334, 140 P. 569, L. R. A. 1917C, 440.

■ The exceptive clause in the bill of sale does not change the status. The rule applicable to bona fide purchasers of negotiable instruments, I think, has application. See Butterfield v. Town of Ontario (C. C.) 32 F. 891; Splivallo v. Patton et al., 38 Cal. 138, 99 Am. Dec. 358.

■ The burden is upon the plaintiff to show that the creditors were not subsequent and that the defendant did have notice of the sale and was therefore not bona fide. This burden has not been sustained. Nor is it material in any event, since the title is deraigned through subsequent creditors, against whom the unrecorded sales contracts are void. Defendant did not have actual notice, or any notice. Nor does it appear that the consideration was inadequate. The sale was extensively advertised. Bids were competitive, and the defendant's bid, $81,000, was higher than any other bid, and after adjournment a new bid was tendered in the sum of $90,000. There is no testimony that this was not adequate consideration. The cases[1] cited by the plaintiff are all distinguished by the facts and by the decisions cited herein, and it would unduly lengthen this memorandum to specially apply or distinguish the several cases.

Judgment for the defendant.

---

[1] 24 R. C. L. par. 668; 35 Cyc. 691; 35 Cyc. 682; 35 Cyc. 693; Wittler-Corbin Mach. Co. v. Martin, 47 Wash. 123, 91 P. 629; Sunel v. Riggs, 93 Wash. 314, 160 P. 950; 34 Cyc. 191, 193, 334; Beach on Receivers, par. 732; Western Electric Co. v. Norway Drydock Co., 124 Wash. 49, 213 P. 686; Kidder v. Beavers, 33 Wash. 635, 74 P. 819; Sumner Iron Works v. Wolten, 61 Wash. 689, 112 P. 1109; McGill v. Brown, 72 Wash. 514, 130 P. 1142; State v. Superior Court of Chehalis County, 8 Wash. 210, 35 P. 1087, 25 L. R. A. 354; Bornstein v. Allen, 127 Wash. 314, 220 P. 801; Spencer v. Alki Point Trans. Co., 53 Wash. 77, 101 P. 509, 132 Am. St. Rep. 1058; 13 C. J. 580; 35 Cyc. 666; 12 C. J. 451; 35 Cyc. 606; Shaw Supply Co. v. Nelson, 124 Wash. 305, 214 P. 19; Rodecker v. Jannah, 125 Wash. 137, 215 P. 364; Mergenthaler Linotype v. Hull (C. C. A.) 239 F. 76; In re Nager (D. C.) 166 F. 972, 978; 34 C. J. 511, 514; McConnell v. Redd, 86 Cal. App. 785, 261 P. 506; Matteson v. Equit. Min. Co., 143 Cal. 436, 77 P. 144; Bice v. H. L. Arnold Co., 75 Cal. App. 629, 243 P. 468; Judicial Code, § 65 (28 USCA § 124).