[No. 4747.]

## P. GATELY v. JAMES IRVINE.

PAROL EVIDENCE AS TO RECORDS.—Parol evidence is admissible to prove that the record made by the Superintendent of Streets in San Francisco of the completion of a contract for the improvement of a street was made after the assessment issued, although it is dated before the assessment issued. Such evidence does not contradict the record.

CONTRADICTING RECORD.—Proof that a record was not made on the day it is dated, does not contradict it.

FILING AND SETTLING STATEMENT.—A statement on motion for a new trial, if filed before it is settled, need not be filed afterwards.

APPEAL from the District Court, Third Judicial District, City and County of San Francisco.

Statement of Facts.

Action to enforce the lien of an assessment on a lot for the improvement of a street in San Francisco. The resolution to improve Jackson street from Davis to Drum street, was adopted by the Board of Supervisors on the 24th day of February, 1874; plaintiff performed the work, and the Superintendent of Streets issued an assessment on the 27th day of April, 1874. The defendant's lot was assessed for two hundred and twenty-six dollars and ninety-six cents. On the trial the plaintiff offered in evidence the assessment warrant and diagram, and rested. The defendant called the Deputy Superintendent of Streets, and had him produce from the office the Superintendent's reports and turn to page 163, which contained the entries relative to the improvement on which the assessment was levied. The following is a copy of the report:

SUPERINTENDENT'S REPORT.

CONTRACT No. 5641, *dated April 7, 1874, awarded March 30, 1874, to P. Gately, for replanking Jackson street from Davis street to Drum street, and for reconstructing the manhole, cover and sidewalks therein.*

| WORK COMMENCED. | WHEN EXAMINED. | BY WHOM EXAMINED. | REMARKS. |
|---|---|---|---|
| April 8, 1874. | April  8th. | S. N. Roberts. | Taking up old planking. |
|  | "      9th. | "       " | Planking. |
|  | "    10th. | "       " | " |
|  | "    11th. | "       " | " |
|  | "    13th. | "       " | " |
|  | "    15th. | "       " | " |
|  | "    17th. | "       " | Laying sidewalks. |
|  | "    18th. | "       " | " |
|  | "    20th. | "       " | " |
|  | " | S. H. Kent. | " |
|  | "    21st. | S. N. Roberts. | " |
|  | "    22d. |  | Work finished satisfactorily. |

*I hereby certify that the above work has been performed and completed in accordance with the terms of the contract and specifications.*

STEPHEN N. ROBERTS,

April 22, 1874.                                           Deputy Superintendent.

The defendant then proposed to prove by the deputy that the certificate at the bottom, in italics, was not written or signed until October, 1874, being a long time after the assessment was made. The plaintiff objected to the evi-

dence because irrelevant, and the court sustained the objection. The plaintiff had judgment and the defendant moved for a new trial, and made a statement in support of the motion. This statement was filed March 25, 1875, and a copy served on the respondent on the same day. The respondent proposed amendments, and on the 8th day of April, 1875, the judge settled the statement by incorporating the amendments, and it was returned to the clerk's office, but no new filing was indorsed on it by the clerk. The court denied the motion for a new trial, and the defendant appealed from the judgment, and from an order denying a new trial.

*J. C. Bates*, for the Respondent, made the point that the statement could not be considered because it was not filed after it was settled by the judge, and argued that such refiling was required by section six hundred and fifty, and the last part of subdivision three of section six hundred and fifty-nine of the Code of Civil Procedure.

*Bishop and Fifield*, for the Appellant.

Section twenty-six of the statute (Stats. 1871–2, 822), provides that the superintendent, or any of his deputies, shall, "on the completion of said work, and *prior to the issuance of the assessment therefor*, if the work has been performed and completed in accordance with the terms of the contract and specification," make an entry certifying the same, etc.

The officer appended to his certificate the date, "April 22, 1874," which we offered to prove was not correct. There was no offer to contradict the record, but to show when it was made. It has never been held or intimated, that we are aware of, that the date of an instrument or record formed any part of it. The statute does not require any date to the certificate.

The result is that if the evidence was in, it showed beyond question that the certificate was not made prior to the issuance of the assessment.

Points decided.

*J. C. Bates*, for the Respondent.

The certificate offered in evidence by defendant himself, which he proposed to contradict, was in the handwriting of the public officer who made it; and opposite his signature, and the date, April 22, 1874, is written, "*work finished satisfactorily*," which is just as good and conveys the same idea as the most elaborate certificate would. (*Hewes* v. *Reis*, 40 Cal. 261.)

The matter is merely directory, as the superintendent is the only officer to "*to accept and approve of the work done.*" (Section 21, Street Law, Stats. 1871–2, p. 816; *People* v. *E. L. and Y. C. Co.*, 48 Cal. 143; *Himmelman* v. *Hoadley*, 44 Cal. 226.)

Appellant's counsel seems to assume that no presumption in favor of any public officer discharging his duties is to be indulged in, and that public records can be contradicted, varied or impeached in such collateral proceedings without limit, and thereby render any person dealing with the records of boards of supervisors, or other public officers, as embarking on a kind of evidence very unreliable, and liable to many modifications by parol testimony.

By the COURT:

We think the court below was mistaken in supposing that the oral evidence rejected contradicted the record. It only went to prove when the record was made.

The statement was filed and settled, which is the equivalent of "settled and filed."

Judgment and order reversed and cause remanded for a new trial.