[No. 13031.   Department One.   May 12, 1916.]

D. A. Anderson et al., *Respondents*, v. F. E. Langford,
*Appellant*.[1]

Sales—Conditional Sales—Delivery—Separate Parts—Statutes. Where, upon delivery of the principal part of a mangle, substantial parts consisting of a shaft and roller were found missing, and such parts were delivered with reasonable dispatch and there was no bad faith, the filing of a conditional sales contract within ten days after delivery of the completed machine is within time, under Rem. & Bal. Code, § 3670, providing that a conditional sale shall be absolute as to creditors unless within ten days after taking possession by the vendee a memorandum of the sale shall be filed for record in the auditor's office.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered March 6, 1915, upon findings in favor of the plaintiffs, in replevin, after a trial to the court. Affirmed.

*Lucius G. Nash* and *F. E. Langford*, for appellant.

*Zent, Powell & Redfield*, for respondents.

[1]Reported in 157 Pac. 456.

MOUNT, J.—In an action in replevin tried to the court without a jury, findings were made and a judgment entered in favor of the plaintiffs. The defendant Langford has appealed.

It appears that the respondents, on December 27, 1913, sold a mangle to T. Hondi upon a conditional sale contract. A day or two afterwards, the principal parts of the mangle were delivered to Mr. Hondi. While installing the mangle, it was discovered that certain parts, consisting of a shaft and certain rollers, were missing. Thereafter the respondents supplied the missing parts. On January 9, 1914, the respondents filed the conditional sale contract in the auditor's office in Spokane, where the property was located.

The principal question is whether the conditional sale contract was filed within time. The appellant contends that the delivery of the principal parts of the mangle was a constructive delivery of the whole machine, and, for that reason, it is argued the conditional sale contract should have been filed for record within ten days after the delivery of the principal parts of the mangle.

The statute, Rem. & Bal. Code, § 3670 (P. C. 349 § 35), provides:

"All conditional sales of personal property, or leases thereof, containing a conditional right to purchase, where the property is placed in the possession of the vendee, shall be absolute as to the purchasers, encumbrancers and subsequent creditors in good faith, unless within ten days after taking possession by the vendee, a memorandum of such sale, stating its terms and conditions and signed by the vendor and vendee, shall be filed in the auditor's office of the county, wherein, at the date of the vendee's taking possession of the property, the vendee resides."

It is conceded that the principal parts of the mangle were delivered more than ten days prior to the recording of the conditional sale contract. It is also conceded that the conditional sale contract was recorded within ten days after the completed machine was delivered. So that the simple ques-

tion is whether the conditional sale contract is void as to subsequent creditors because it was not filed within ten days after the vendee had taken possession of the principal parts of the machine.

We think the contract was filed within time, because the delivery was not complete until the whole machine was delivered by the vendor to the vendee. It appears from the evidence that the missing parts consisted of a driving shaft and certain rollers, weighing several hundred pounds. It seems plain that, if these parts, being material parts, had not been delivered by the vendor to the vendee, the sale would not have been completed, and the vendee might have rescinded the contract by reason of the fact that the whole machine was not delivered. In other words, the rule of constructive possession in a case of this kind does not apply. The vendor had agreed to sell a complete machine. He had delivered a part, and a material part was not delivered. After the completed machine was delivered, and within ten days, the conditional sale contract was filed for record. The contract was not completed until the whole machine was delivered. There are no doubt many cases where a complete machine may not be delivered at once. The fact that parts are delivered at different times cannot be said to be a delivery of the complete machine until the whole is delivered to the vendee.

There is no charge of bad faith or an attempt to evade the statute. The parts delaying complete delivery were substantial parts, and were furnished and delivered with reasonable dispatch; and thereupon within ten days the contract was filed for record. We are satisfied, therefore, that the trial court properly held that the conditional sale contract was filed within time when it was filed within ten days after the complete machine was delivered to the vendee.

The judgment must therefore be affirmed.

MORRIS, C. J., FULLERTON, CHADWICK, and ELLIS, JJ., concur.