[No. 15720.   Department One.   March 8, 1920.]

C. A. MENTZER, *Plaintiff*, v. COMMERCIAL LUMBER
COMPANY, *Defendant*.
CHARLES F. ALLEN, *Receiver of Commercial Lumber
Company, Appellant*, v. STERLING MACHINERY
COMPANY, *Respondent.*[1]

SALES (176)—CONDITIONAL SALES—RECORDING—TIME FOR.   Where
a substantial part of machinery sold under a conditional bill of sale,
and constituting when put together a complete sawmill, was not
furnished until after the bill of sale was filed for record, the filing
was within time.

RECEIVERS (40-1) — TITLE AND POSSESSION — ADVERSE CLAIM TO
PROPERTY CONDITIONALLY SOLD.   Where an insolvent held property
under a conditional bill of sale, the vendor may make demand on
the receiver and file a petition in the receivership proceedings for
return of the property.

Appeal from a judgment of the superior court for
Pierce county, Clifford, J., entered July 17, 1919, upon
findings in favor of the claimant to property condition-
ally sold, in an action in the nature of replevin.   Af-
firmed.

*Williamson, Williamson & Freeman,* for appellant.
*William H. Pratt,* for respondent.

MAIN, J.—This is a controversy between the receiver
of the Commercial Lumber Company, a corporation,
and the Sterling Machinery Company, a corporation,
over the validity of a conditional bill of sale, and the
articles furnished thereunder by the Sterling Ma-
chinery Company to the Commercial Lumber Company.
The trial court sustained the validity of this conditional
bill of sale, and found that there was a balance due
thereon in the sum of $2,191.83, with interest.   The
receiver was given the right to elect whether he would

[1]Reported in 188 Pac. 9.

pay this amount or surrender the property. From the judgment entered, the receiver appeals.

On April 17, 1918, one Charles .C. Miller purchased from the Sterling Machinery Company, by conditional bill of sale, certain articles which, when assembled and put in place, constituted a sawmill. One C. B. Farmer was associated with Miller, and they contemplated organizing a corporation to conduct the operation of the mill. For this purpose, the Commercial Lumber Company was subsequently created and the property turned over to it. With the Commercial Lumber Company, the Sterling Machinery Company carried two accounts; one designated as the conditional sales contract account; and the other as the open current account. Upon each account articles were furnished from time to time while the machinery was being installed.

On April 11, 1919, the Commercial Lumber Company being then insolvent, Charles F. Allen was appointed receiver to wind up its affairs. The Commercial Lumber Company, from time to time, had made payments upon both the conditional sales account and the open account. When the receiver was appointed, there was a balance due upon each of the accounts. Upon the open account the Commercial Lumber Company filed a general claim with the receiver. Upon the conditional bill of sale a demand was made for the amount due thereon, or for the return of the property. The demand, not being complied with, the Sterling Machinery Company filed a petition in the receivership proceeding asking that the property covered by the conditional bill of sale be returned to it. The receiver answered this petition, and upon the issues thus framed the cause came on for trial, and resulted in findings of fact and conclusions of law and judgment sustaining the position of the Sterling Machinery Company.

The first question relates to the validity of the conditional bill of sale. The delivery of the items or things covered by this agreement began on or about May 1, 1918, and was completed during the latter part of July or the first of August of the same year. The conditional sales contract was filed for record July 10, 1918. A substantial part of the machinery or items covered by the contract was furnished subsequent to the time that it was filed for record. Whether the contract was filed for record in time depends upon whether the articles or things covered by it, when assembled and put in place, constituted a completed machine, to wit, a ·sawmill. While the evidence upon this question is conflicting, we are of the opinion, that it sustains the finding of the trial court to the effect that the items covered by the contract, when put in place, constituted a complete machine. This being true and a substantial part being furnished after the conditional bill of sale was filed for record, under the holding in *Anderson v. Langford,* 91 Wash. 176, 157 Pac. 456, it was within time.

The conditional bill of sale not being void on account of not being filed within time, the question then arises whether all of the articles furnished for which the judgment was entered for the balance due on that account were furnished therein. The appellant contends that certain of the articles for which recovery was had were furnished upon the open account. Here again we think the evidence sustains the holding of the trial court that all the articles for which it allowed recovery were furnished upon the conditional sales contract account.

There are some other questions raised and discussed by the appellant's brief, but these we think relate to the claim upon the open account, which is not involved in this proceeding. The action here is by petition in

the receivership proceeding, seeking recovery of the articles covered by the conditional bill of sale contract. It is in the nature of an action in replevin, but the Sterling Machinery Company had a right to present the question, after making demand, by filing a petition in the receivership proceedings. *Sumner Iron Works v. Wolten,* 61 Wash. 689, 112 Pac. 1109.

The judgment will be affirmed.

HOLCOMB, C. J., MACKINTOSH, PARKER, and MITCHELL, JJ., concur.