(March 10, 1925.)

## THE RUPERT NATIONAL BANK OF RUPERT, IDAHO, a Corporation, Respondent, v. INSURANCE COMPANY OF NORTH AMERICA OF PHILADELPHIA, a Corporation, Appellant.

[234 Pac. 465.]

FIRE INSURANCE POLICY—LOSS—ENCUMBRANCE—CHATTEL MORTGAGE—EVIDENCE AS TO DELIVERY—EVIDENCE AS TO INTENT—LIMITATION OF PAROL EVIDENCE RULE.

    1.  It is always competent to show by parol evidence that the date inserted in a written instrument was not the date of delivery.

    2.  It is essential to show an intent to deliver a written instrument, as well as the mere fact of delivery.

APPEAL from the District Court of the Eleventh Judicial District, for Minidoka County. Hon. T. Bailey Lee, Judge.

Action on insurance policy. Judgment for defendant. Appeal from order granting new trial. *Affirmed.*

Harry M. Morey and H. V. Creason, for Appellant.

In construing contracts of mortgage, the courts will, if the terms are ambiguous, protect the interest of the mortgagee, rather than the mortgagor, and such construction is a matter for the court and not the jury. (27 Cyc. 1134, 1136.)

When an instrument, perfect on its face, passes from the manual possession of the mortgagor into the manual possession of the mortgagee, it becomes effective as of such date, regardless of any verbal agreement to the contrary. (*Keenan v. City of Trenton,* 130 Tenn. 71, Ann. Cas. 1916B, 519, 168 S. W. 1053; *East Texas Fire Ins. Co. v. Clarke,* 1 Tex. Civ. 238, 21 S. W. 277; *Lawton v. Sager,* 11 Barb. (N. Y.) 349;

Publisher's Note.

    1.  Admissibility of parol evidence to show instrument was executed on day other than date it bears, see note in Ann. Cas. 1913A, 496.

*Lambert v. McClure,* 12 Tex. Civ. 577, 34 S. W. 973; *Fletcher v. Shepherd,* 174 Ill. 262, 51 N. E. 212; *Whitney v. Dewey,* 10 Ida. 633, 80 Pac. 1117, 69 L. R. A. 572.)

A third person, not a party to a conveyance, and not a successor in interest to any party to the conveyance, may not attack its validity. (11 C. J. 491.)

H. A. Baker and H. B. Redford, for Respondent.

Delivery is essential to the validity of contract or instrument of conveyance. To constitute delivery there must be actual or constructive change of possession with the intention that the instrument take effect. Unless mortgagor surrenders instrument with intent to create encumbrance and the mortgagee accepts there can be no mortgage. (11 C. J. 487; 5 R. C. L. 396; Jones on Mortgages, secs. 84 and 501; 2 Page on Contracts, p. 2084; *First Nat. Bank v. McCreary,* 66 Or. 484, 132 Pac. 718, 134 Pac. 1180; C. S., sec. 5883; *Lewis County v. State Bank of Peck,* 31 Ida. 244, 170 Pac. 98.)

Evidence tending to show that deed or other instrument of equal solemnity, complete on its face, was delivered conditionally to grantee would tend to vary and contradict written instrument and for that reason parol testimony showing such conditional delivery of instrument perfect on its face is inadmissible in actions between parties to the contract. (9 Ency. Evidence, 436; *Whitney v. Dewey,* 10 Ida. 633, 80 Pac. 1117, 69 L. R. A. 572; 22 C. J. 1155; *Sylvester v. State,* 46 Wash. 585, 91 Pac. 15.)

If deed or similar instrument shows on its face at the time it was delivered to the grantee that other parties should sign, it is not a complete instrument and parol testimony admissible to show conditional delivery. (2 Page on Contracts, p. 2114; *Shelby v. Tardy,* 84 Ala. 327, 4 So. 276; *Brackett v. Barney,* 28 N. Y. 333; 18 C. J. 211; *Hicks v. Goode,* 37 Am. Dec. 677, 12 Leigh (Va.), 479; *Wendlinger v. Smith,* 75 Va. 309, 40 Am. Rep. 727.)

BUDGE, J.—The appeal from the judgment in this case was dismissed because it appeared from the record that the undertaking on appeal was not filed within the statutory time. Thereafter a petition for rehearing and for reinstatement of the appeal was filed, in which it was conceded that the filing of the undertaking within the time prescribed by the statute is a jurisdictional requirement, and suggested that the date of service of the notice of appeal, as incorrectly given in the transcript, misled the court. With the petition affidavits are submitted in which it is made to appear that the actual date of service of the notice of appeal was three days later than shown in the transcript, which would bring the filing of the undertaking on appeal within the statutory time. Opposing counsel has stipulated that the record may be corrected accordingly. The appeal has therefore been ordered reinstated, and the case is now for consideration on the merits.

VARIAN, Commissioner.—This is an action to recover on an insurance policy. On February 17, 1920, appellant issued the policy sued on to one Russell Bullock covering a seven-passenger Studebaker automobile owned by assured. The automobile was destroyed by fire on February 15, 1921, and the insurance policy was subsequently assigned by Bullock to the respondent, who brought this action to recover for the loss. The cause was tried to a jury in May, 1922. At the trial respondent proved the execution of the policy, the destruction by fire of the automobile insured thereby and the assignment of the policy to respondent, introducing the policy and assignment in evidence. The policy contains the following condition:

"It is a condition of this policy that it shall be null and void . . . . (c) If the interest of the Assured in the property be other than unconditional and sole ownership, or if the subject of this insurance be or become encumbered by any lien or mortgage except as stated in Warranty No. 3 or otherwise indorsed hereon."

Warranty No. 3 relates to the status of the automobile at the date of the policy and does not affect any of the questions raised by this appeal.

Appellant at the trial introduced a chattel mortgage purporting to be signed by Bullock and wife, dated and acknowledged as of June 29, 1920. The proof shows that this mortgage had not been satisfied nor the debt thereby secured paid at the time of the fire; that appellant had no knowledge of the existence of the chattel mortgage until after the fire. The evidence also shows that the chattel mortgage covers certain exempt property as well as the automobile in question, and was not placed of record until after the date of the fire.

After appellant had rested, respondent called Russell Bullock as a witness and during the course of his examination his counsel asked him the following question: "When, do you know, did Mrs. Bullock sign it?" (referring to the chattel mortgage). Appellant's counsel objected to the question upon the ground that it was incompetent, irrelevant and immaterial; not tending to prove any of the issues in this case; that it was an attempt to introduce parol evidence to alter the terms of a written contract; and further, that it was an attempt to introduce a conversation had between the parties prior to or contemporaneous with a written contract; that the evidence goes to the question of whether or not Mrs. Bullock could set aside this chattel mortgage, and that she was not a party to this action and could not bring in any evidence to set aside this chattel mortgage. Further, that she would be estopped from raising any question as to the validity of the deed in this proceeding. It would be collateral attack wholly immaterial to the issues involved. The trial court sustained appellant's objection and respondent then made the following offer of proof: "That at the time of the execution by Russell Bullock, of the instrument offered in evidence as Defendant's Exhibit 3, the instrument showed as mortgagors, the names of Russell Bullock and Lillian Bullock, his wife; that the instrument was signed by him at that time, and it was understood and agreed be-

tween him and the First National Bank of Rupert, Idaho, that that instrument should not be accepted by the bank, or treated as a mortgage, and should not be complete until Mrs. Bullock had joined in its execution. Furthermore, that thereafter and after the destruction of the automobile by fire, the Notary Public before whom it appears that the mortgage was executed, went to the home of Mrs. Bullock and there demanded that the wife execute the mortgage. We offer to prove, however, that before that time, and during the time this automobile remained intact, Mrs. Bullock had been requested by the bank to sign that mortgage, and she had declined to do so, and it was never signed by her until after the destruction of this property by fire. That the First National Bank did not treat the instrument as a completed mortgage until after the signature of Mrs. Bullock; and that at the time the instrument came into the possession of the First National Bank, of Rupert, Idaho, it showed on its face that the wife of Russell Bullock was named as one of the mortgagors.''

The court sustained the objection to the offer and appellant then moved for an instructed verdict which was granted. Thereafter respondent moved for a new trial which was granted and the verdict and judgment were set aside. Appellant appeals from the order granting the new trial.

It is conceded that the provision in the policy relating to the title of the property being that of sole and unconditional ownership free from encumbrance in the insured is a valid provision and that the same is a part of the New York standard form of fire insurance policy authorized by C. S., sec. 5053. Appellant contends that, regardless of the understanding between Bullock and respondent bank that the chattel mortgage should not be "complete" until it was signed by Mrs. Bullock, it constituted an "encumbrance" within the meaning of the term as used in the insurance policies. Respondent's offer was to show that at the time Bullock signed the chattel mortgage it was agreed that it would not be accepted by respondent as a mortgage and should not be complete until after his wife signed it. In other words, that

there was to be no delivery of the instrument until both the parties named as mortgagors therein had executed it. It is true that the chattel mortgage and certificate of acknowledgment show that it was executed on June 29, 1920, and the presumption arises that it was delivered and took effect on that date; but it is always competent to show by parol evidence that the date inserted in the instrument was not the date of delivery. (Williston on Contracts, sec. 210; Washburn on Real Property, 4th ed., sec. 19, p. 577; 3 Joyce on Insurance, sec. 2022, p. 3393.) Parol evidence is admissible to show delivery of a deed. (*Whitney v. Dewey,* 10 Ida. 633, 80 Pac. 1117, 69 L. R. A. 572.) It is essential to show an intent to deliver as well as mere delivery. (*Whitney v. Dewey, supra;* Williston on Contracts, *supra.*)

Appellant urges that the chattel mortgage covering the automobile in question, not exempt from execution, and certain other property exempt from execution, was complete as to Mr. Bullock who signed it and thereby created a lien upon the automobile insured by appellant. While a mortgage covering both exempt and nonexempt chattels, signed by the husband alone, is good as to the nonexempt property (*Bruce v. Frame,* 39 Ida. 29, 225 Pac. 1024), in the case under consideration the evidence tendered is to the effect that it was not to be deemed a mortgage by the parties thereto until executed by the wife. She did not sign the chattel mortgage until after the automobile was destroyed and appellant's liability under its policy of insurance became fixed.

It is contended that respondent could not be permitted to show by Mr. Bullock that the mortgage was not in fact executed by his wife on the date of the notary's acknowledgment, under the rule that the uncorroborated testimony of the mortgagor is not sufficient to overcome the certificate of acknowledgment regular on its face. (*Bruce v. Frame, supra.*) Respondent was not trying to show that Bullock did not execute or acknowledge the mortgage on the date of the notary's certificate. The purpose was to show that the mortgage was not executed, acknowledged or delivered by Mrs. Bullock on the date recited in the notary's certificate. The vital ques-

tion to be determined was: When was the mortgage delivered and when did it become a lien or an "encumbrance"? This objection goes to the sufficiency of the evidence and it is for the court to determine whether the evidence for the mortgagor is corroborated. The evidence is clearly admissible and should have been received.

There is no error in the record. I recommend that the order setting aside the verdict and granting a new trial herein be affirmed.

William A. Lee, C. J., Wm. E. Lee, Budge and Givens, JJ., concur.

PER CURIAM.—The foregoing opinion is hereby adopted as the opinion of the court. The order setting aside the verdict and granting a new trial is affirmed. Costs awarded to respondent.