[No. 20024.   Department One.   December 20, 1926.]

Grunbaum Brothers Furniture Company, Incorporated, *Appellant,* v. Humphrey Investment Corporation *et al., Respondents.*[1]

[1] Sales (176, 178)—Conditional Sales—Recording—Operation as to Third Persons—Bona Fide Purchasers From Buyer. A conditional sales contract of linoleum and carpets executed and delivered on November 21 is void as to subsequent purchasers and encumbrancers where it was not filed within ten days after its execution.

Appeal from a judgment of the superior court for King county, Douglas, J., entered January 8, 1926, upon findings in favor of the defendants, in an action of replevin, tried to the court. Affirmed.

*C. A. Holtz (Robert D. Hamlin,* of counsel), for appellant.

*Hugh M. Caldwell, Robert H. Evans* and *John P. Lycette,* for respondents.

Holcomb, J.—The findings made by the trial court, so far as material and necessary to a determination of this matter, may be summarized and in part quoted as follows:

¹Reported in 251 Pac. 567.

On about April 5, 1923, respondent Humphrey Investment Corporation entered into a written contract with the Great Northern Construction Company, a corporation, for the erection of an apartment house upon lots owned by the investment corporation, now known as the Humphrey Apartments, and operated by respondent Smart under that business name. The lessee's predecessor under the lease took possession of the apartments January 1, 1924, and remained therein until April 30, 1924, when she sold, assigned and transferred her lease to Smart, who is in possession of the building thereunder. The apartment building consists of seventy-five apartments, seventy of which are occupied by sub-tenants of Smart. The chattels in question, consisting of linoleum and carpets, were laid in the halls of the building, and linoleum in each of the seventy-five apartments, as provided for in the specifications. Before this suit was begun, appellant made demand upon respondent for the return of the chattels.

By the terms of the contract, the Great Northern Construction Company agreed to furnish the material and labor for the construction of the apartment house and pay for the same. Respondent Humphrey Investment Corporation agreed to pay $205,000 for the construction and delivery of the complete apartment house. The contract also provided that the owner of the property should execute two certain mortgages upon the property, one, a first mortgage, in the sum of $140,000, to W. P. Harper & Son, and one for the balance of $53,000, to M. Ross Downs, as trustee. The first mortgage was executed on about April 20, 1923, and duly filed for record on that day. The second mortgage to the trustee was executed on about January 11, 1924, and duly filed for record on that day. Neither of the

mortgages has been satisfied or paid, and the court found that they were first and second mortgage liens on the property and the whole thereof. Neither Harper & Son, nor Downs, as trustee, were made parties defendant to the action.

The specifications for the building, which were part of the contract between the investment corporation and the construction company, provided for the placing of linoleum and carpets on certain of the floors and halls of the apartment building, the details of which are not necessary to set out in this statement.

Under the terms of the first and second mortgages, the linoleum and carpets and all other property became subject to the mortgage liens upon being delivered to, and placed in, the building.

Late in September, 1923, the construction company purchased from appellant 668 1/3 square yards of 3/16″ brown Battleship linoleum, paying therefor at the rate of two dollars per square yard. This linoleum was purchased on open account by the construction company, and on October 24, 1923, appellant billed the linoleum to the Great Northern Construction Company. In addition to the linoleum, appellant and the construction company, at the time the linoleum was purchased, agreed that appellant should cement the linoleum to the floors of the building at an agreed price. That work was done by appellant, and the bill therefor made to the Great Northern Construction Company on October 27, 1923.

On about November 21, 1923, the construction company purchased from appellant a large quantity of Wilton carpets at an agreed price, and a certain quantity of felt paper, and the labor necessary to be done in filling channels with felt.

This carpet was sold under a conditional sales con-

tract, which reserved title in the vendor until the purchase price was paid in full. At the time of entering into the agreement for the sale of the carpet, appellant and the Great Northern Construction Company entered into an agreement to include, and did include, in the conditional sales contract, the linoleum which had theretofore been sold and delivered. The linoleum was delivered to the apartments, cemented to the floors as provided in the specifications, during the latter part of October, and all delivered and installed complete on or before December 3, 1923, the final delivery being on that day. The carpets were delivered in rolls to the apartment by appellant on or about January 1, 1924, and were completely laid on or before January 9, 1924.

On November 21, 1923, a memorandum of conditional sales, in which appellant was vendor and the Great Northern Construction Company, a corporation, was vendee, was duly executed by both parties thereto, and thereafter, on January 11, 1924, the instrument was filed for record in the office of the auditor of King county, and since that time has remained of record.

This memorandum of conditional sales, so far as necessary to be set out here, is as follows:

"CONDITIONAL SALE

"THIS AGREEMENT WITNESSETH: That the Grunbaum Bros. Furniture Co. Inc., of Seattle, King County, Washington, party of the first part, has this day delivered to Great Northern Const. Co., resident No. 617-18 Alaska Building, Seattle, King County, Washington, party of the second part, the following described personal property, to wit: [here follows a description of linoleum, carpets, felt paper and labor putting in felt paper]—for which the party of the second part agrees to pay at the office of the party of the first part the following sums, to wit: $3,595.24, to be paid in installments as follows: $800.00 cash;

$232.94 to be paid on the 10th of each succeeding month · beginning Dec. 10, 1923. . . .

"In Witness Whereof the parties hereto have hereunto set their hands this 21st day of November, A. D. 1923.

(Signed) "Grunbaum Bros. Furniture Co. Inc.,
            "By M. L. Grunbaum.
         "Great Northern Const. Co.,
            "By A. Gerbel, Secy."

Respondent Humphrey Investment Corporation had no actual notice of the conditional sales contract for linoleum and carpets, and no constructive notice except that given by the filing of the conditional sales contract in the office of the auditor of King county, on January 11, 1924, but knew the contractor was buying the linoleum and carpets from appellant.

On or about February 7, 1924, the investment corporation completed the payment for the building by delivering to Downs, Trustee, the $53,000 of second mortgage bonds on the property, secured by the mortgage above mentioned, and by the payment thereof the investment corporation became and was the subsequent purchaser of the property involved in this action, without notice actual or constructive, of the conditional sales contract.

The conditional sales contract was made by appellant with the knowledge that the Great Northern Construction Company intended to make delivery and resale of the property to the Humphrey Investment Corporation.

The building was entirely completed and the furnishings agreed to be furnished by the construction company entirely installed in the building on January 9, 1924, upon which the architect, on January 11, 1924, certified in writing to the owner, the investment corporation, that the building was completed, and directed

the payment to the contractor, Great Northern Construction Company, of the second mortgage bonds in the sum of $53,000, as its final payment for the construction of the apartment house.

It was also found that the linoleum and carpets can each and all be removed, taken up and out of the building and premises without any material damage either to the linoleum, carpets or the building to which they are now attached, and that the linoleum and carpets did not become, and are not, fixtures, as the same are defined by law.

Based on the foregoing findings, the court concluded that appellant was not entitled to recover against the owner, the Humphrey Investment Corporation, awarding a return of the property or the value thereof, and that respondents were entitled to judgment for costs.

While appellant assigned as error the making of certain of the foregoing findings, the briefs and oral argument of appellant here contain no argument against any of the findings; appellant, in fact, contending that the findings do not support the judgment against appellant that it cannot recover. The findings are, in fact, well supported by the evidence, and we should be unable to disturb them on the record here, were they seriously disputed.

[1] Appellant asserts, first, that the conditional sales memorandum on file was constructive notice to respondent. It declares that it was the duty of the owner of the property to examine the records and discover the true status of the record, in so far as the carpets and linoleum were concerned, and that this is held to be a proper proceeding and not an unreasonable requirement. *Liddell Co. v. Cork,* 120 S. C. 481, 113 S. E. 327.

If the instrument on file in this case was constructive

notice of anything, it was constructive notice that the carpets and linoleum had been sold to the Great Northern Construction Company, and delivered to it at its office, 617-18 Alaska Building, Seattle, on November 21, 1923. The instrument so declared. Our statute governing the sales on conditional sales contracts, Rem. Comp. Stat. §3790 [P. C. §9767] is precise and positive in its provisions that all conditional sales of personal property containing a conditional right of purchase, where the property is placed in the possession of the vendee, "shall be absolute as to all bona fide purchasers, pledgees, mortgagees, encumbrancers and subsequent creditors, . . . unless within ten days after the taking of possession by the vendee, a memorandum of such sale, stating its terms and conditions, etc., shall be filed in the auditor's office of the county where, at the date of the vendee's taking possession of the property, the vendee resides."

Here we have a conditional bill of sale declaring that appellant, the vendor, on November 21, 1923, had delivered to the Great Northern Construction Company at its office in the Alaska Building, Seattle, the chattels in question. That instrument was not filed for record in the auditor's office of King county, the county in which the Great Northern Construction Company resided, until January 11, 1924. It was therefore not filed within ten days after the date of the delivery.

Appellant contends, however, that the contract was a continuing one for the delivery of the linoleum and carpets and that some of the carpets were not actually received and installed in the building until January 9, 1924. The court, however, found that the carpets were delivered by appellant on January 1, 1924, which would be more than ten days before the conditional sales contract was filed for record; but, in any event, the con-

tract itself does not imply that it was a continuing contract. It positively states that material had been delivered to the purchaser, Great Northern Construction Company, on November 21, 1923. The case, therefore, does not fall within the rule of *Anderson v. Langford,* 91 Wash. 176, 157 Pac. 456; *Mentzer v. Commercial Lumber Co.,* 110 Wash. 155, 188 Pac. 9; and *Monotype Co. of California v. Guie,* 134 Wash. 81, 234 Pac. 1046, which were all cases where certain machines or apparatuses were sold in one contract, and were to be delivered as a complete machine or apparatus before the sale and delivery were complete. In all those cases, we held that the conditional vendor filing his conditional sales contract within ten days after the complete delivery was in time under the statute. In this case, under no view of the evidence, the instrument relied upon by appellant, and the findings of the trial court, can that be said to be true.

Under the record and findings of the trial court herein, we conclude that the instrument relied upon by appellant and the filing thereof were not sufficient to reserve title in appellant as against subsequent purchasers and encumbrancers, and as to them was void.

The judgment is therefore affirmed.

TOLMAN, C. J., FULLERTON, MITCHELL, and MAIN, JJ., concur.