[No. 36063.   Department Two.   January 17, 1963.]

*In   the   Matter   of   the   Receivership   of* SPENCER'S, INC.

GRAND AVENUE SUPER MARKET, INC., *Appellant,* v.
TAX COMMISSION OF THE STATE OF
WASHINGTON, *Respondent.*\*

*Reported in 377 P. (2d) 880.

*Robinson, Landerholm & Memovich,* for appellant.

*The Attorney General, John W. Riley, Deputy,* and *Scheiber, Schaefer & Wynne (Virgil Scheiber,* of counsel), for respondent.

HAMILTON, J.—This is an appeal from an order determining preference as to the principal assets of Spencer's, Inc., an insolvent corporation. Appellant, Grand Avenue Super Market, Inc., as conditional vendor, and the Tax Commission of the State of Washington, as a subsequent creditor, each claim priority.

The issue of preference between the claimants depends upon the application of RCW 63.12.010, which provides, *inter alia:*

"All conditional sales of personal property, or leases thereof, containing a conditional right to purchase, *where the property is placed in the possession of the vendee,* shall be absolute as to all bona fide purchasers, pledgees, mortgagees, encumbrancers and subsequent creditors, whether or not such creditors have or claim a lien upon such property, *unless within ten days after the taking of possession by the vendee,* a memorandum of such sale, *stating its terms and conditions,* including the rate of interest and the purchase price exclusive of interest, insurance and all other charges, and signed by the vendor and vendee, shall be filed in the auditor's office of the county, wherein, *at the date of the vendee's taking possession* of the property, the vendee resides. . . ."[1]  (Italics ours.)

A review of the colloquy between the trial court and counsel, the limited evidence admitted, the pleadings, and the briefs reveal:

Walter H. Spencer and Donald T. Fuller were employees of appellant Grand Avenue Super Market, Inc., managing

[1] Amended Laws of 1961, chapter 159, § 1, p. 1753.

its store located at 705 Grand Avenue, Vancouver, Washington. Appellant decided to close or sell its store. Spencer and Fuller were interested in purchasing the store. On January 24, 1959, a conditional sale contract was executed between appellant, as vendor, and Spencer's, Inc., as vendee. On January 29, 1959, articles of incorporation of Spencer's, Inc., were filed with the Secretary of State. The conditional sale contract was filed with the county auditor on February 5, 1959. Spencer's, Inc., encountered financial difficulties, defaulted its obligations, and fell into receivership.

Appellant asserts its claim to the principal assets of Spencer's, Inc., as a conditional vendor complying with RCW 63.12.010, in that the conditional sale contract was filed within 10 days of January 29, 1959.

The Tax Commission asserts its claim against the same assets, contending lack of compliance with RCW 63.12.010, in that the conditional sale contract was not filed within 10 days of January 24, 1959, thus rendering the sale absolute as to subsequent creditors.

The contract, recorded on February 5, 1959, recites, in part:

"THIS AGREEMENT, made and entered into, in duplicate, this 24 day of January, 1959, by and between GRAND AVENUE SUPER MARKET, a Washington corporation, hereinafter called the Seller, and SPENCER'S, INC., a Washington corporation, hereinafter called the Buyer,

"WITNESSETH:

"1. The Seller agrees to sell to the Buyer, and the Buyer agrees to purchase, all of the interest of the Seller in and to that certain grocery business and equipment and inventory of goods known as GRAND AVENUE SUPER MARKET, INC., located at 705 Grand Avenue, Vancouver, Washington, for the sum of Thirty-one thousand five hundred and No/100 ($31,500.00) Dollars, payable in lawful money of the United States of America, with interest thereon in like lawful money at the rate of six (6) percent per annum from date of this contract until paid, payable as follows: Five thousand ($5,000.00) Dollars upon the execution of this agreement, the receipt whereof is hereby acknowledged by the Seller, and the balance . . . payable in equal monthly

installments of Seven hundred fifty ($750.00) Dollars each, the first payment commencing on February 15, 1959, and a like payment on the 15th day of each month thereafter . . .

" . . .

"IN WITNESS WHEREOF the Seller and Buyer have hereunto set their hands and seals the day and year first hereinabove written.

> "SELLER
> "GRAND AVENUE SUPER MARKET, INC.
> "By ____Willard Durst____
>      "President
>      " _____
>          Title
>
> "By ____Harry Thye____
>      "Secty-Treas
>      " _____
>          Title
>
> "BUYER
> "SPENCER'S, INC.
> "By ____Walter H. Spencer____
>      "Pres. & Treasurer
>      " _____
>          Title
>
> "By ____Mildred V. Spencer____
>      "Secretary
>      " _____
>          Title
>
> "By ____Donald T. Fuller____
>      " _____
>          Title

"The equipment referred to in paragraph 1 of this Contract of sale is set forth in the attached Exhibit 'A'.

"The inventory referred to in paragraph 1 of this Contract of Sale is the inventory of merchandise taken on or about the 1st day of January, 1959."

The Tax Commission introduced in evidence tax forms indicating both appellant and officers of Spencer's, Inc., had reported ownership of the store changing as of January 1, 1959.

The trial court rejected evidence proffered by appellant purporting in essence, to show surrender and delivery of possession of the store on January 29, 1959.

Upon the basis of the recitals of the contract, and the documents introduced by the Tax Commission, the trial court found, *inter alia,* that Spencer and Fuller took possession of the supermarket on January 1, 1959; and that appellant and Spencer's, Inc., by their acts and conduct, held out the effective date of the contract as of January 24, 1959, with possession assumed as of January 1, 1959.

From such findings, the trial court concluded that the conditional sale contract had not been filed within the 10-day period specified by RCW 63.12.010, and that the sale became absolute as to subsequent creditors.

Appellant premises its assignments of error to the trial court's findings of fact and conclusions of law upon two grounds: (1) Delivery of possession of the supermarket, under the contract, could not, as a matter of law, be accomplished until Spencer's, Inc., became a corporate entity on January 29, 1959; and (2) the trial court's rejection of its proffered evidence. Appellant further assigns error to rejection of proffered evidence dealing with appellant's forfeiture of the delinquent conditional sale contract.

We stated the purpose of RCW 63.12.010 in *Kennery v. Northwestern Junk Co.,* 108 Wash. 656, 659, 185 Pac. 636, quoting from *Jennings v. Schwartz,* 82 Wash. 209, 144 Pac. 39, as follows:

" 'It has the elements of a recording act. It will be remembered that, prior to its enactment, unrecorded conditional bills of sale of personal property were valid in this state, not only as between the vendor and vendee, but as to encumbrancers and purchasers without notice, and subsequent *bona fide* creditors of the vendee. It was thus possible for the vendee of such property to commit frauds by disposing of the property to innocent third persons and by using it as a basis upon which to obtain credit. While the statute therefore tends in the same degree to prevent frauds between vendors and vendees through the instrumentality of perjury as does the statute of frauds, its principal if not primary purpose is to prevent the vendor and vendee of such property from committing frauds upon third persons. It would seem then, since it affects persons other than the parties to the agreement, the courts are justified in giving it a more strict construction than it gives to the statute of

frauds; that it is proper to require that the instrument when filed shall show on its face a compliance with the statute; that the instrument shall be complete in itself; thus doing away with the necessity of inquiring into extrinsic matters to determine its validity.'"

We have consistently adhered to a policy of strict compliance, commenting in *Malott v. General Mach. Co.*, 19 Wn. (2d) 62, 68, 141 P. (2d) 146:

"The conditional sales statute, like other statutes, such as the statutes of limitation and the statute of frauds, is a general law designed to promote justice. In some instances, as in the present case, their application seems to produce an unjust result. Yet experience has shown that, in the long run, it is better that such statutes should be strictly applied than that they should be distorted and weakened by attempts made in individual and particular cases to arrive at so-called natural justice."

With the foregoing expressed purpose and policy in mind, we turn to appellant's first contention.

Appellant contends that the contract of January 24, 1959, could legally constitute no more than an offer, capable of acceptance only upon incorporation of Spencer's, Inc., whatever may have been the fact as to possession of the supermarket's assets by Spencer and Fuller. Appellant makes no contention that it was deceived as to the corporate status on January 24th.

We entertain no quarrel with the authorities cited by appellant dealing with corporate organization and the relative rights of contracting parties at the various stages thereof. We do not, however, conceive such to be strictly applicable to a consideration of the rights of subsequent creditors under RCW 63.12.010.

When confronted with a somewhat similar argument, involving a common-law trust and its organizers, in *Monotype Co. of California v. Guie*, 134 Wash. 81, 89, 234 Pac. 1046, we said:

"As to the second of the contracts, the appellant does not seriously contend that it was filed within the time limited by the statute. It argues, however, that the conditional sale contract was valid as between the vendor and

the actual vendee; that the actual vendee was some entity other than the trust, and that the trust has not shown any connected title between itself and the vendee. But we think, without further elaborating the question, that, under the facts shown, the associators and the trust are so far the same entity as to require the court, when considering the rights of creditors, to treat them as such. . . . "

To anyone examining the contract, as filed by appellant in the auditor's office, it would appear that, on January 24, 1959, Spencer's, Inc., existed as a corporate entity. Although not factually analogous, we are satisfied that, under such circumstances, a further answer to appellant's contention appears in *Grunbaum Bros. Furniture Co. v. Humphrey Inv. Corp.*, 144 Wash. 620, 626, 258 Pac. 517:

"But say counsel, the carpets were actually delivered within ten days before the filing of the contract, notwithstanding the recital in it to the contrary, and that thus the statute was complied with. That is, out of deference to the rights of the vendor, a purchaser from a vendee has no right to rely upon the solemn assertion of the vendor in his contract of sale and delivery of personal property filed of record by him for the purpose of giving notice as required by the statute. Such a construction of the act would be unwarranted, in our opinion, and wholly at variance with its principal, if not primary, purpose of protecting third persons from the frauds of vendors and vendees. *The policy of the statute is to require truthful notice of a real transaction; not to encourage or authorize the publication of some false notice as justification for a future secret transaction to the detriment of the rights of interested third parties.*" (Italics ours.)

The simple solution to appellant's dilemma, if such it was, in January, 1959, was to require the contract to speak the truth as to the vendee's corporate status. Reformation, at this stage, comes too late. *Malott v. General Mach. Co., supra.*

We find no merit in appellant's first contention that, *as a matter of law,* possession could not be surrendered and delivered, within the contemplation of RCW 63.12.010, prior to January 29, 1959.

Appellant's second ground, urged in support of its assignments of error, is predicated upon the rejection of proffered evidence purporting to show when, *as a matter of fact,* possession of the supermarket was delivered. Other than inference, flowing from the date of execution and commencement of payment, the contract is silent as to delivery and possession.

By its offer of proof, appellant, in essence, proposed to show: (a) Absent incorporation of Spencer's, Inc., there was to be no sale; (b) at all times prior to January 29, 1959, appellant retained possession of the supermarket, with Spencer and Fuller operating it as appellant's employees; and (c) an accounting reason for the tax form declarations.

Objections that such evidence violated the parol evidence rule, was irrelevant, immaterial, and self-serving, were interposed and sustained.

In *Fleming v. August,* 48 Wn. (2d) 131, 134, 291 P. (2d) 639, we said:

" . . . we have many times held that parol evidence is admissible to show that a written instrument is not to become a binding obligation except upon the happening of a certain event. Such evidence does not vary or contradict the terms of the written instrument. It merely shows what must occur before the agreement is to take effect. . . . "

In *Cowles Pub. Co. v. McMann,* 25 Wn. (2d) 736, 742, 172 P. (2d) 235, 167 A. L. R. 1164, we said:

"Parol evidence is admissible to contradict the date of a written instrument. *Shelton v. Dunn,* 6 Kan. 128; *Gately v. Irvine,* 51 Cal. 172; *Levy v. Dusenbery,* 32 Cal. App. 411, 163 Pac. 231; *McFall v. Murray,* 4 Kan. App. 554, 45 Pac. 1100; *Randolph v. Mullen,* 73 Okla. 199, 175 Pac. 512.

"Furthermore, it is always competent to show by parol evidence that the date inserted in a written instrument was not the date of delivery. *Rupert Nat. Bank v. Insurance Co. of North America of Philadelphia,* 40 Idaho 530, 234 Pac. 465."

In applying RCW 63.12.010, we have held that when the contract recites the date of delivery of possession, such

date is conclusive, notwithstanding evidence to the contrary, *Grunbaum Bros. Furniture Co. v. Humphrey Inv. Corp, supra*; *Malott v. General Mach. Co., supra*. On the other hand, in cases where property has been sold by an entire conditional sale contract, to be delivered as a complete article before the sale was deemed complete, we have held, upon evidence showing the date of final delivery, filing of the contract thereafter was timely, notwithstanding the date upon the contract. *Anderson v. Langford*, 91 Wash. 176, 157 Pac. 456; *Mentzer v. Commercial Lbr. Co.*, 110 Wash. 155, 188 Pac. 9; *Monotype Co. of California v. Guie, supra*. In *Lundquist v. Olympia Nat. Bank*, 133 Wash. 600, 234 Pac. 453, we considered evidence of prior relations between parties to a conditional sale contract, in so far as such bore upon the question of delivery of possession.

Although we have been strict in our interpretation and application of RCW 63.12.010, we have found no case wherein we have held the date of a conditional sale contract, and the inferences therefrom, necessarily established, as a matter of law or fact, the date of "taking of possession by the vendee," within the contemplation of the statute.

If, under a conditional sale contract, containing no recital to the contrary, possession of the property is, in fact and in good faith, surrendered by the vendor and taken by the vendee upon a date other than the contract date, we see no reason why such fact may not be shown. Under the language of the statute, such would be the date from which the filing time runs.

We conclude that the trial court erred in excluding appellant's proffered evidence upon such issue.

Finally, appellant contends the trial court erred in rejecting evidence offered relative to appellant's forfeiture of the defaulted conditional sale contract. This would be relevant and admissible in the event appellant should prevail upon the issue of recordation.

The order establishing preference is reversed, and the cause remanded for rehearing. Costs will abide the result.

OTT, C. J., DONWORTH, FINLEY, and HUNTER, JJ., concur.